S & L ASSOCIATES, INC., PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. TOWNSHIP OF WASHINGTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, HAROLD UMSTADTER AND PHILIP C. SCOTT, DEFENDANTS - APPELLANTS AND CROSS - RESPONDENTS.

Argued April 24, 1961—Decided June 30, 1961.

*Mr. William M. Feinberg* argued the cause for plaintiff-respondent and cross-appellant (*Messrs. Feinberg, Dee and Feinberg,* attorneys).

*Mr. Ralph Porzio* argued the cause for defendants-respondents, Township of Washington and Umstadter and Scott (*Messrs. Shuback & Orr,* attorneys for Township of Washington; *Messrs. Jeffers, Mountain & Franklin,* attorneys for Umstadter and Scott).

The opinion of the court was delivered by

HANEMAN, J. Plaintiff filed an action in lieu of prerogative writs in the Law Division contesting the validity

of the zoning ordinance of the Township of Washington adopted in 1957 and an amendment adopted in 1958. Plaintiff also sought to have certain lands owned by it zoned for industrial use. The Law Division dismissed plaintiff's complaint on the merits after a full hearing. Plaintiff appealed to the Appellate Division, which reversed the judgment of the Law Division and set aside the original ordinance and the amendment thereof. *S & L Associates, Inc. v. Washington Twp.,* 61 *N. J. Super.* 312, 335 (*App. Div.* 1960). Defendants filed a petition for certification by this court of the judgment of the Appellate Division and plaintiff filed a cross-petition for certification. This court granted both petitions, 33 *N. J.* 331 (1960).

As noted in 61 *N. J. Super.* 318, plaintiff contended that the ordinances were invalid for the following reasons:

"* * * the ordinances were not drawn in accordance with a comprehensive plan; they did not comport with the purposes of zoning as set out in *R. S.* 40:55-32; they constituted 'spot zoning,' in violation of the design and purpose of the Zoning Act; and they were the result of personal favoritism, collusion and discrimination by municipal officials not acting in the best interests of the community's health, safety, welfare and morals. Plaintiff further contended that the ordinances should be set aside because tainted with the self-interest of the officials who participated in their preparation and adoption."

Plaintiff bottomed its argument concerning the self-interest of officials upon the participation of Guerin and Hemmings as members of the municipal planning board, in preparation and adoption of the ordinances.

The Appellate Division concluded that there was no merit to plaintiff's attack except insofar as the participation of Guerin and Hemmings was concerned, and found the ordinance invalid for this latter reason.

Subsequent to the Appellate Division judgment and prior to argument before this court, Washington Township adopted an ordinance incorporating all of the provisions of the original and amendatory ordinances here challenged.

This action was accomplished without any participation by Guerin and Hemmings, who had theretofore resigned from the planning board.

Under the general rule that the status of the law in effect at the time of the disposition of a cause by an appellate court governs, *Borough of Little Ferry v. Bergen County Sewer Authority,* 9 *N. J.* 536 (1952) ; *Crecca v. Nucera,* 52 *N. J. Super.* 279 (*App. Div.* 1958) ; *Allendale Congregation of Jehovah's Witnesses v. Grosman,* 30 *N. J.* 273 (1959), the problem to be resolved by this court is the validity of the presently existing ordinance rather than of the superseded original and amendatory ordinances. Since these enactments are in identical language and plaintiff urges no additional reasons as a ground for relief, we will consider plaintiff's arguments as though directed at the new ordinance. So viewed, we are in accord with the Appellate Division to the extent that that court found the ordinances are not invalid for various reasons advanced by plaintiff. On the question, however, of invalidity arising from the potential conflicting interests of Guerin and Hemmings, the sole basis upon which the Appellate Division found the ordinances invalid, we express no opinion since this problem has been rendered moot by their resignation from the planning board prior to municipal action on the new ordinance. We conclude, therefore, that the present ordi-nance is valid.

However, on oral argument counsel agreed that although there has been no change in the use of plaintiff's property or in the other sections of the municipality classified for industrial use from the date of the passage of the original ordinance, uses have been established in various other zones subsequent to the judgment of the Appellate Division and prior to the passage of the present ordinance which do not conform to the provisions of the original ordinance. These uses were apparently undertaken upon the conclusion that under the Appellate Division judgment the Township was completely unzoned during that period. In the light of

this result it becomes necessary to determine whether, conceding for the sake of this portion of our opinion only that the Appellate Division was correct in finding that the "participation of Guerin and Hemmings in the action of the planning board affected or may have affected the recommendation of that body in a material respect," the entire original ordinance would have been rendered invalid.

The thrust of plaintiff's attack on the ordinances was upon the zoning of its property for residential rather than for industrial use and the refusal of its application to be included in the industrial zone. The complaint and pretrial order demonstrate that plaintiff's primary objective was the inclusion of its property in the industrial zone. All of the evidence concerning the possible conflict of interest of Guerin and Hemmings was directed to an establishment of their interest in excluding plaintiff's land from that zone. No proof was submitted that this alleged conflict did or could have affected any other zones in the municipality, nor did plaintiff so argue. The Appellate Division refused to decide whether the inclusion of the properties of Guerin and Hemmings was invalid by reason of their potential conflict of interests but did decide that the exclusion of plaintiff's property was affected by that theoretical conflict and therefore invalidated the entire ordinance.

The original ordinance provided, by section 18, that:

"If any section, paragraph, subdivision, clause, or provision of this Ordinance shall be adjudged invalid such adjudication shall apply only to the section, paragraph, subdivision, clause or provision so adjudged, and the remainder of this Ordinance shall be deemed valid and effective."

In *Angermeier v. Sea Girt*, 27 N. J. 298, 311 (1958), the court said:

"* * * The principle of separability is in aid of the intention of the lawgiver. The inquiry is whether the lawmaking body designed that the enactment should stand or fall as a unitary whole.

It is not enough that the act is severable in fact; its severability in the event of partial invalidity must also have been within the legislative intention. It is a question of interpretation and of legislative intent whether the particular provision is so interwoven with the invalid clauses as that it cannot stand alone. A severability clause (there was none such here) 'provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command.' *Dorchy v. State of Kansas,* 264 *U. S.* 286, 44 *S. Ct.* 323, 68 *L. Ed.* 686 (1924). Absent such express declaration, an unconstitutional provision of a statute does not affect the validity of another provision of the enactment, if otherwise valid, unless the two are so intimately connected and dependent upon each other as to raise the presumption that the Legislature would not have adopted the one without the other."

See also *Swimming River Golf & Country Club v. New Shrewsbury,* 30 *N. J.* 132 (1959); *Yanow v. Seven Oaks Park, Inc.,* 11 *N. J.* 341 (1953).

An examination of the original ordinances demonstrates that the governing body of Washington Township did not intend that the ordinance should stand or fall as a unitary whole but rather that the sectional use divisions were separable. Any invalidity resulting from the interest of Guerin and Hemmings in the industrial zone, under the facts here present, would not serve to invalidate the provisions for any other zone. We conceive that, in any event, under the Appellate Division's theory, the ordinances were valid except to the extent of the classification of plaintiff's property, and any declared invalidity should have been restricted to that property. See *Lionshead Lake, Inc. v. Twp. of Wayne,* 9 *N. J. Super.* 83 (*App. Div.* 1950).

Reversed.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.