JO ANN HAUSMAN, PLAINTIFF-APPELLANT, v. DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF PUBLIC WELFARE, IRVING ENGELMAN, DIRECTOR, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 30, 1973—Decided May 24, 1973.

Before Judges CARTON, MINTZ and SEIDMAN.

*Ms. Alice Ashley Costello,* Director of Legal Aid Society of Mercer County, attorney for appellant (*Mr. Michael J. Weintraub,* on the brief).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Ms. Joan W. Murphy,* Deputy Attorney General, on the brief).

MINTZ, J. A. D. Plaintiff appeals from the decision of the Director, Division of Public Welfare, Department of Institutions and Agencies of the State (Division), dated August 21, 1972, which determined that her welfare grant was correctly calculated in accordance with the Division's regulations.

Appellant and her daughter receive assistance from the Mercer County Welfare Board under the "Aid to Dependent Children" program (ADC), 42 *U. S. C. A.* § 601 *et seq.,* and the New Jersey statutes relating to ADC, *N. J. S. A.* 44:10–1 *et seq.*

Appellant requested a fair hearing before the Division, but agreed to accept a written statement of the Division's position in lieu of a hearing determination. The Director of the Division in his letter statement indicated that the Manual

provides public assistance for each eligible unit, and that the allowance is determined according to the size of the household and the number of persons in the eligible unit. He further stated that eligible unit refers to the person or persons who apply and are eligible to receive public assistance. The Manual defines household as the persons living together as a family unit without regard to relationship by blood or marriage. The Director further stated:

> The foregoing provisions of official regulations apply without regard to the financial circumstances of the non-eligible person or persons who are members of the household and without regard to whether they do or do not contribute income to the support of the eligible unit.
>
> If we are correct in our understanding that there is no contention about the facts, as we have stated them above, then I advise you that a correct Decision, pursuant to any Fair Hearing proceeding before this Department, would necessarily affirm the action by the Welfare Board in determining grant entitlement in accordance with the foregoing regulations.

Prior to June 1, 1971 appellant and her daughter received a $225 monthly grant, calculated according to the Categorical Assistance Budget Manual. This grant was computed on the basis of two eligible persons living in a household consisting of two people. The monthly grant was reduced to $178, effective June 1, 1971, as a result of the fact that a second adult had moved into the premises, thereby increasing the size of the household from two to three. The State regulations provided that a household consisting of three people, two people being eligible for assistance, was only entitled to $178. The theory behind the difference is that as a household beecomes larger, there are certain economies of scale that come into play. In other words, the per capita cost of maintaining a person in a household where three people live is less than the per capita cost where two people share a household. In computing the need of two eligible people in a household consisting of three people, the Division's regulations dictate that the cost of maintaining a household of three be multiplied by

two-thirds. The resulting "need" calculation is therefore a lesser amount than would result if need was computed on the basis of the two eligible people sharing the household without the presence of the third.

On July 1, 1971 the Division replaced the Categorical Assistance Budget Manual with the Financial Assistance Manual (Manual). The same principle concerning economies of scale apply in the new manual, but because need computations were figured somewhat differently appellant's monthly grant was computed as $188 instead of $178.

Appellant and her daughter have no income. She asserts that the second adult in the household, her paramour, contributes nothing to the maintenance of the household. Significantly respondent does not dispute this.

On appeal appellant challenges the validity of §115 of the Manual as it applies to her case. Her basic contention is that the reduction of her welfare grant because of a nonrelated person living in the household was invalid because there was admittedly no contribution by the nonrelated person to the maintenance of the household.

We find that §115 of the Manual as applied to the facts of this case is contrary to the Social Security Act. 42 *U. S. C. A.* § 602(a)(7) provides:

Except as may be otherwise provided [in § 402(a)(8)] * * * the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children * * *.

The Department of Health, Education and Welfare (HEW) has enacted a number of regulations implementing this statute. One such regulation is 45 *CFR* 233.20(a)(3)(ii)(c) which provides in pertinent part:

[I]n establishing financial eligibility and the amount of the assistance payment * * * (c) only such income as is actually available for current use on a regular basis will be considered, and only currently available resources will be considered.

A later regulation, 45 *CFR* 203.1, provides:

[T]he presence in the home of a "substitute parent" or "man-in-the-house" * * * is not an acceptable basis * * * for assuming the availability of income by the State.

[I]n the consideration of all income and resources in establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent * * * will be considered available for children in the household in absence of proof of actual contributions.

Both of these regulations have been upheld by the United States Supreme Court. *King v. Smith,* 392 *U. S.* 309, 88 S. Ct. 2128, 20 *L. Ed.* 2d 1118 (1968). *Lewis v. Martin,* 397 *U. S.* 552, 90 S. Ct. 1282, 25 *L. Ed.* 2d 561 (1970). In both *King* and *Lewis* the court made it clear that only income that is in fact available may be considered in the determination of the amount of a welfare grant.

*King* and *Lewis* are factually similar to the case at bar. In each instance a male moved in with the mother of an otherwise eligible unit. We can see absolutely no difference between reducing or cutting off the assistance grants on the theory that the "MARS" (male assuming the role of spouse), is providing income, as was the case in *King* and *Lewis,* and reducing the assistance grant on the theory that the *per capita* cost of three people living together is less than that of two people living together, and the mother and daughter now only pay two-thirds of the total cost. The latter is clearly based on the assumption that the new member of the household, the MARS, is contributing income equal to one-third the cost of the maintenance of the household. *King* and *Lewis* made it clear that it cannot be assumed that a MARS is contributing to the income of the household. As already noted, in the case at bar it was conceded by respondent that the MARS did not in fact contribute. For this reason §115 of the Financial Assistance

Manual as applied to the facts of this case is inconsistent with the Social Security Act and the regulations enacted pursuant thereto.

The decision of the Division is reversed. Appellant's welfare grant is adjusted to $214 monthly retroactive to the date of reduction.