147 N.J. Super. 485 (1977)
371 A.2d 739
LENA WALKER, PLAINTIFF-APPELLANT,
v.
NEW JERSEY DEPARTMENT OF INSTITUTIONS AND AGENCIES, DIVISION OF PUBLIC WELFARE, AND THE PASSAIC COUNTY WELFARE BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1977.
Decided February 3, 1977.
*486 Before Judges LORA, CRANE and MICHELS.
*487 Mr. Lawrence B. Dvores argued the cause for appellant (Mr. Philip S. Derfler, attorney).
Ms. Andrea M. Silkowitz argued the cause for respondent New Jersey Department of Institutions and Agencies, Division of Public Welfare (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel, and Mr. Richard M. Hluchan, Deputy Attorney General, on the brief).
No brief was submitted on behalf of the Passaic County Welfare Board.
PER CURIAM.
Appellant Lena Walker, a recipient of Aid to Families with Dependent Children (AFDC), appeals from a fair hearing decision of the Director of the Division of Public Welfare affirming the reduction of welfare benefits to her family which occurred when her son was deleted from the eligible household unit in December 1974 but was held to be a financially contributing household member.
Prior to that time the Walker eligible unit had been composed of appellant, her husband and four dependent children. In December 1974, in conformance with existing regulations, appellant's son who resided at home was declared ineligible for benefits because he had reached his majority and was not at school. See Division of Public Welfare, Manual of Administration, § 2370-2372 (March 1974), codified as N.J.A.C. 10:81-28.1(a). Those regulations, promulgated in response to the decision in Hausman v. Dept. of Inst. and Agencies, 124 N.J. Super. 139 (App. Div. 1973), aff'd 64 N.J. 202 (1974), cert. den. 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 674 (1974), established a rebuttable presumption that a noneligible person such as the 18-year-old Walker son was contributing his share to household expenses and reduced financial assistance to the remaining eligible unit accordingly. The burden was placed upon the welfare receipient disputing the reduction to prove *488 that the noneligible household member "does not and cannot contribute his share of the household expenses." In April 1975, in accordance with Hausman, supra, the above regulations were again revised to place upon the recipient the sole burden of proving that the noneligible member was not contributing to household expenses, regardless of financial capacity.[1] See Public Assistance Manual (PAM) §§ 3290-3293,[2] codified as N.J.A.C. 10:81-3.15. Section 3291 of those regulations provided a mechanism for informing welfare recipients of the reason for intended reductions and of their burden of proof were the matter to be contested, stating:
An explanation of the method for determining the non-eligible person's share of household expenses (as described below) will be provided to the client. Should the client contend that the non-eligible person (other than a stepparent) does not contribute his/her share of household expenses, the client shall be given the opportunity of providing evidence to substantiate such claim.
These regulations remain in effect.
In October 1975 appellant was notified that her welfare benefits would be reduced to compensate for certain over payments. Appellant promptly requested a fair hearing to determine whether her household size had been correctly computed during the period between December 1974 and October 1975 and to determine the status of her former benefits. That hearing was held on December 3, 1975. At the hearing appellant argued in part that the county welfare board erred in failing to recognize that appellant's noneligible son was a noncontributing household member from December 1974 to August 1975 and that the error had resulted in compensable underpayment. See PAM § *489 3290-3293, Assistance Standards Handbook (ASH) § 241. The error was caused, appellant argued, by the failure of the welfare board to explain provisions of the welfare manual to her regarding the procedures by which a noneligible household member is judged to be contributing or noncontributing. As a result she "did not have the opportunity or the information required to insure that she was receiving the amount of assistance to which she was entitled."
The hearing officer rejected this contention, finding that appellant was bound by the 1974 regulations in force when her payments were cut. Consequently, she had the burden of proving that her son was a noncontributing household member and the agency had no obligation to inform appellant of relevant regulations imposing this burden. These findings were adopted in a decision denying reimbursement issued on February 25, 1976. We find this decision to be erroneous.
There is no longer any question but that a court decides an appeal with reference to the state of the law at the time of resolution of the appeal. S & L Associates, Inc. v. Washington Tp., 35 N.J. 224 (1961); Cranberry Lake Quarry Co. v. Johnson, 95 N.J. Super. 495, 516 (App. Div. 1967), certif. den. 50 N.J. 300 (1967). No sufficient reason has been advanced to absolve administrative bodies, exercising quasi-judicial functions, from similarly deciding appeals in the context of the law as it exists at the time the administrative appeal is decided. At any rate, this court is bound to apply such law. Appellant's fair hearing was conducted seven months after the promulgation of PAM § 3291. Therefore, we conclude that the Division of Public Welfare was in error in declining to apply that regulation to appellant's case.
Accordingly, the matter is remanded to the Division of Public Welfare in order to afford appellant an opportunity to prove that her noneligible son was a noncontributing household member during the months in question and, thereafter *490 if proof is given, to proceed in accordance with the procedures set forth in ASH § 241. We do not retain jurisdiction.
NOTES
[1] Whether the regulations as amended now meet the Hausman command that only actually contributing noneligibles be included in the household count is not at issue here.
[2] Effective April 15, 1975 the Manual of Administration was replaced by the Public Assistance Manual. See 7 N.J.R. 105 (1975).