160 N.J. Super. 201 (1978)
389 A.2d 494
WILLIAM F. HYLAND, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF LONG BEACH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND HAROLD V. GALE, CLERK OF THE TOWNSHIP OF LONG BEACH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1978.
Decided June 23, 1978.
*203 Before Judges FRITZ, BOTTER and ARD.
Mr. David B. Harris, Deputy Attorney General, argued the cause for appellant (Mr. John J. Degnan, Attorney General of New Jersey, and Mr. William F. Hyland, former Attorney General of New Jersey, attorneys; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Richard J. Shackleton argued the cause for respondents (Messrs. Shackleton, Hazeltine, Zlotkin & Dasti, attorneys; Mr. Frank A. Buczynski, Jr. on the brief).
The opinion of the court was delivered by ARD, J.A.D.
The Attorney General brought this action by an order to show cause and verified complaint against defendants seeking to void the township's beach badge fee schedule and to compel the township to adopt another. Demand was also made for reimbursement of state funds expended for beach preservation in the township. Upon submission of affidavits and the township's badge sale records for the period from April 1977 through July 5, 1977, the Attorney General moved for a preliminary injunction and defendants cross-moved for summary judgment. This appeal is *204 from the entry of summary judgment in favor of defendants and against plaintiff.
The narrow issue involved in this case is demonstrated by the sole point heading in plaintiff's brief which reads as follows:
The lower rates available only to early purchasers of beach badges fail to provide all members of the public with equal access to public trust lands, in contravention of the principles established by Borough of Neptune City v. Borough of Avon-By-The-Sea.
The township's ordinance at the time of the suit required persons using any beach in the township during the summer season (ordinarily from June 15 to September 15) to purchase and display a beach badge. If application for a badge was made either in person or by mail prior to May 31, a season badge cost $2. If application was made after May 31 but prior to June 30, a season badge cost $6. Thereafter season badges were unavailable, but a weekly badge could be purchased for $2. All rates were advertised from April 12 to June 29, 1977 in the newspaper used by the township for publication of all official notices. After entry of judgment in the trial court, the ordinance was amended to permit purchase of a season badge for $2 until June 15 (the first day when badges must be worn); abolishing the $6 badge, and creating a $5 season badge which could be purchased at any time from June 15 to the end of the season. The ordinance as amended sets up a fee schedule containing the same characteristics as the original ordinance which plaintiff claims to be unlawful. We do not believe this makes the issue moot. However in this appeal we are concerned with the validity of the amended ordinance. Hynes v. Oradell Mayor and Coun., 66 N.J. 376, 379 (1975), rev'd on other grounds 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); S & L Associates, Inc. v. Washington Tp., 35 N.J. 224, 227 (1961).
We recognize the thoroughly settled principles of law that summary judgments are to be granted with extreme *205 caution, Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963), and that on a motion for summary judgment it is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact. As the matter is before us on appeal from a grant of summary judgment awarded defendants, we must accept as true all recorded facts and reasonable inferences therefrom in the light most favorable to the plaintiff. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74 (1954). With this standard in mind we note that plaintiff has not submitted affidavits setting forth specific facts showing a genuine factual issue for trial nor affidavits stating that he could not present such facts at this stage in the proceedings.
At the hearing below it was uncontroverted that the township contained about 5,200 homes and had a permanent population of approximately 4,200 people. It appears that as of July 5, 1977 the township sold 60,714 season badges at $2; 1,444 season badges at $6, and 4,161 weekly badges at $2. Although the records do not differentiate between sales to residents and to nonresidents, they do show that by July 5, 1977, $86,990 had been realized from in-person sales, $43,004 from mail sales and $8,362 from "weekly sales."
The trial judge made findings that: (1) the fee schedule applied to residents and nonresidents alike; (2) the badges could be obtained by mail; (3) the fee schedule had been advertised in a local paper on seven occasions; (4) the badge sale evidence showed that "people of the State of New Jersey" had availed themselves of the opportunity to purchase season badges at the lower rates; (5) early badge purchases facilitate township planning and preparation for beach use by providing an estimate of the number of people who will use the beach, and (6) early sales provide advance revenue for the township and a more orderly and convenient method of season badge sales.
He concluded as a matter of law that the ordinance was fair and did not discriminate against nonresidents. He *206 further found the township did not act unreasonably when it offered lower rates to encourage early badge purchases and that all people were treated equally by the municipality, having been given reasonable public notice of the different rates. Accordingly, finding no factual dispute raised and concluding that plaintiff had not met his burden of proving the ordinance discriminatory or unlawful, defendants were granted their motion for summary judgment.
Plaintiff contends that the discount afforded to early purchasers of season badges unlawfully discriminates against nonresidents. On the other hand, defendants argue that the early season discount is justified by valid governmental interests and that the fee schedule does not discriminate against nonresidents because nonresidents have equal opportunity to avail themselves of the lower rates and the badge sale records in evidence show that they have done so. We agree there is no invidious discrimination.
The township is empowered by N.J.S.A. 40:61-22.20 to pass on to beach users through the imposition of reasonable registration fees the costs of maintaining, operating and supervising its municipally-owned and dedicated beach areas and the tidal lands adjacent thereto. Because this land is held by a political subdivision and the sovereign State in trust for the common use of all the people as a "public trust," the beach use fees imposed must not discriminate unfairly among different users of the beach. Neptune City v. Avon-by-the-Sea, 61 N.J. 296 (1972). However, application of this "public trust" doctrine does not mean that a municipality may not lawfully differentiate between classes of beach users. As with any municipal ordinance, municipal beach badge fees may vary for different users as long as the classification criteria are reasonably related to a proper governmental objective and are implemented in a non-discriminatory manner in accordance with state and federal constitutional principles of equal protection and due process. See Weymouth Tp. Taxpayers Ass'n v. Weymouth Tp., 71 N.J. 249, 280-288 (1976); *207 Hyland v. Allenhurst, 148 N.J. Super. 437, 444 (App. Div. 1977).
The township here benefits from pre-season badge sales because they produce a fund to draw upon for payment of preseason and early season beach-related expenses. Such sales may provide a basis for estimating the number of persons who will be using the beaches, permitting better planning for implementing necessary municipal services. An early season or pre-season discount available, as here, to all persons applying in person or by mail and advertised in the newspaper chosen by the municipality for publication of all official notices, is a reasonable means to encourage such early badge purchases. Futhermore, the inducement of early sales by mail produces an orderly method for processing a substantial portion of the badge sales and encourages economy by reducing the number of personnel necessary to handle in-person sales at a crowded beach. We conclude, therefore, that pre-season or early season discounts are not an invalid exercise of a beach-front municipality's power to charge reasonable beach fees. Sea Isle City v. Caterina, 123 N.J. Super. 422 (Cty. Ct. 1973).
In Neptune City v. Avon-by-the-Sea, supra, the Supreme Court overturned a beach use fee schedule which permitted the sale of season beach badges to residents, but required nonresidents to purchase daily or monthly badges at a substantially higher price. The Supreme Court found that the Legislature had not intended to authorize discrimination in municipal beach fees between residents and nonresidents and held that application of the public trust doctrine dictated that municipalities "may not discriminate in any respect between their residents and nonresidents." 61 N.J. at 310. In the case at bar there is no discrimination. Residents and nonresidents are treated alike. The use of our postal system overcomes the possible advantage of proximity. We are satisfied there is a standardization of resident and nonresident fees which does not offend the public trust doctrine. We affirm the determinations of the trial court.
*208 An additional question is suggested in plaintiff's brief by the following statement:
* * * The short term rates established by the ordinance in question do not bear a reasonable relationship to long-term rates. The full season rate in effect prior to May 31 is in fact equal to the weekly rate, which is the only rate available after June 30. Thus, the fee schedule adopted by the Township serves the needs of residents, but tends to hinder use of public trust beach lands by individuals and families residing in other parts of the State. * * *
We first observe that this contention was not advanced at oral argument. In addition, the statement is not factually correct with respect to the amended ordinance. The new ordinance creates a $5 season badge which can be purchased at any time from June 15 to the end of the season. In addition, the badge sale records in evidence only cover the period until July 5, 1977 and therefore fail to demonstrate the full picture concerning weekly badge sales through the entire season. Finally, the issue is not raised in plaintiff's point headings. R. 2:6-2(e). If there be an issue, it cannot and should not be resolved on the evidence in this record. Furthermore, before resolving the suggested issue, plaintiff should treat the matter in depth with an opportunity for the adversary to respond. The resolution of this issue must await another case.
Affirmed.