CHARLES J. RIGGS AND VIRGINIA RIGGS, HIS WIFE AND IS-
LAND HOMES, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF
LONG BEACH, DEFENDANT-RESPONDENT.

Argued October 21, 1985—Decided January 21, 1986.

*Richard A. Grossman* argued the cause for appellants (*Grossman & Kruttschnitt,* attorneys; *Raymond V. King,* on the briefs).

*Granville D. Magee* argued the cause for respondent (*Magee, Kirschner & Graham,* attorneys; *Philip G. Pagano,* on the brief).

The opinion of the Court was delivered by

HANDLER, J.

In this case the trial court determined that a zoning ordinance passed by defendant, Township of Long Beach, was arbitrary and capricious because the ordinance affected only the plaintiffs' property. The trial court also ruled that the ordinance was unconstitutional because it had no relation to the public welfare. On appeal, the Appellate Division reversed the trial court judgment. It held that because the Township had passed a more recent, though virtually identical, ordinance the issue as to the validity of the initial ordinance had become moot. It then concluded that under the "time-of-decision rule," the claims of the parties should be determined by the trial court under the new ordinance. The Appellate Division also ruled that because the plaintiffs had not applied for a variance from the earlier ordinance, their contention that the ordinance was invalid and unconstitutional was barred under the exhaustion-of-remedies doctrine. We granted plaintiffs' petition for certification, 101 *N.J.* 515 (1985). We reverse the judgment of the Appellate Division and remand the matter for its reconsideration.

I.

The plaintiffs, Charles and Virginia Riggs, own harborfront property in the Township of Long Beach. In 1976 the Township held a referendum, which was approved by the public, authorizing the Township to acquire and establish a "public open-space" area. Plaintiffs' property is one of eleven lots that are included in the Township Master Plan Element designated

as "public open-space" as defined by *N.J.S.A.* 40:55D-6. By statute, this zoning purpose requires that the area first be "conveyed or otherwise dedicated to a municipality." *Ibid.* The trial court found that the Township had successfully arranged for the purchase of all the lots except plaintiffs'.

Prior to January 2, 1981, plaintiffs' property had been zoned "R-50," which allowed high-density residential habitation with minimum lot sizes of 5,000 square feet and minimum width of 50 feet. This would have allowed plaintiffs to divide their lot into four separate plots. Plaintiffs had applied to the Township for a permit to subdivide their property into these four lots, but were denied in a letter dated December 14, 1977. That letter also informed plaintiffs that the Township intended to purchase their property either by "amicable negotiation" or by the power of eminent domain. The letter additionally advised plaintiffs that in "the interim period" "no further subdivision nor building will be permitted on your lands." Thereafter, negotiations between the plaintiffs and the Township for purchase of the property broke down.[1]

Two appraisals were made as to the value of the property. In 1978 the property was appraised at $234,500, and in 1980 it was appraised at $400,000. These appraisals were made on the assumption that plaintiffs could make the most profitable use of their property—four residential bayfront properties of approximately 9,200 feet. Thereafter, in 1980, the Township enacted Ordinance No. 81-1C. This authorized for the zone in which plaintiffs' property was located only low-density R-10 use, with minimum lot sizes of 10,000 square feet and minimum width and depth of 75 feet.

---

[1]The Township filed a suit seeking specific performance of an alleged agreement for sale of the property. The Appellate Division has since affirmed the trial court judgment that no valid contract existed between the plaintiffs and the Township of Long Beach for the sale of the plaintiffs' property. This decision is not a subject of this appeal.

Plaintiffs brought suit claiming that Ordinance No. 81–1C was invalid. They alleged that the ordinance was aimed at driving down the market value of their property, was "spot-zoning," and was arbitrary and capricious. Their complaint further alleged procedural irregularities attending the passage of the ordinance. The matter proceeded to trial, and on the first day of trial the Township notified the court that a new ordinance, No. 83–9C, had been passed, which corrected the procedural defects of the prior ordinance. The two ordinances, in fact, are verbatim duplicates of one another, differing only in designation and in citation form to the revised General Ordinances.

The Township contended that the passage of Ordinance No. 83–9C mooted the challenge to Ordinance No. 81–1C. This contention was rejected by the trial court, which also determined that the procedural irregularities attending the passage of Ordinance No. 81–1C were cured by the passage of Ordinance No. 83–9C. The trial court then examined the merits of plaintiffs' claims. It found that although the ordinance purported to apply to a five-block area, the Township had, by deed or contract, acquired all the lots covered by the ordinance except for the lot owned by plaintiffs; the court determined that plaintiffs' property would be the only property in the Township affected by the ordinance. Accordingly, the trial court held that the ordinance was not related to the public welfare, was unreasonable, and, therefore, unconstitutional. As noted, the Appellate Division reversed on the grounds that Ordinance No. 83–9C mooted the challenge to Ordinance No. 81–1C under the "time-of-decision rule," and that the plaintiffs' claim was barred because they had failed to exhaust their administrative remedies in not seeking a variance from the terms of the ordinance.

## II.

A time-of-decision rule problem arises when, after a lower court or administrative agency decision, there is a change in the

relevant law that governs the disposition of the issues on appeal. The question in such cases is which law should control the reviewing court's decision: the law in effect when the issues arose and were initially presented for the lower tribunal's determination or the new or amended law that is in effect at the time the appellate court must render its decision.

█ The time-of-decision rule provides that "an appellate court on direct review will apply the statute in effect at the time of its decision, at least when the legislature intended that its modification be retroactive to pending cases." *Kruvant v. Mayor & Council Township of Cedar Grove*, 82 *N.J.* 435, 440 (1980).

> The purpose of the principle is to effectuate the current policy declared by the legislative body—a policy which presumably is in the public interest. By applying the presently effective statute, a court does not undercut the legislative intent. Moreover, when a facial attack on a statute is involved, or an injunction is sought against future violations of a statute, the time of decision rule is necessary to avoid rendering an advisory opinion on a moot question. [*Ibid.*]

█ Courts have fashioned exceptions to this general rule. For example, when one party has obtained a vested right under the prior law, the later law may not be applied if this will divest that right. *See, e.g., S.T.C. Corp. v. Planning Bd. of Township of Hillsborough*, 194 *N.J.Super.* 333 (App.Div.1984). Additionally, a litigant may be estopped by its conduct on equitable grounds from enjoying the benefits of a change in the law. *E.g., Kruvant, supra.*[2]

---

[2]In *Kruvant,* the Court recognized an exception where a municipality enacted an amendatory ordinance after the 90-day period for amendment permitted by the court order had expired. The Court held that to allow the municipality to change the defective ordinance after the period allotted by the trial court would interfere with the judicial process. 82 *N.J.* at 442. The ordinance in *Kruvant* had been amended after trial was completed but prior to the issuance of the trial court opinion, and had worked a material change in the contested ordinance. The change was one of three zoning amendments affecting plaintiffs' land, each "tailored to permit the landowner the most restrictive use of the land which the Township felt would satisfy the Court." *Id.* at 444. Further, the Court observed that under the most recent amendment, the

In this case, unlike most time-of-decision rule cases, there does not appear to be a dispute over which law should apply. Here, all parties appear to concede that the new ordinance governs the case. The narrower issue presented is whether, in implementing the time-of-decision rule, the Appellate Division itself should have decided plaintiffs' challenge to the current ordinance, or have remanded the case for lower court determination as to the validity of that ordinance.

Previous cases have presented situations in which a law that is challenged on technical or procedural as well as substantive grounds is, pending an appeal, cured of its technical or procedural defects without any change of its substantive provisions. In *Westinghouse Elec. Corp. v. United Elec. Workers Local 410*, 139 *N.J.Eq.* 97 (E. & A. 1946), a vice-chancellor, in the course of issuing an injunction against union picketing activities, held the New Jersey Anti-Injunction Act unconstitutional on the technical ground that the title to the Act failed to refer sufficiently to the subject-matter of the statute itself. The court also ruled that the statute was unconstitutional on a substantive ground. Pending appeal, the Legislature amended the title to the Act, curing the technical infirmity and rendering the defective title issue moot. However, rather than remanding the case to the trial court for a ruling on the substance of the "new" or amended statute, the Court considered the merits of this issue, ruling ultimately that the lower court's holding that the Act violated the State Constitution was incorrect.

In *S & L Associates, Inc. v. Washington Township*, 35 *N.J.* 224 (1961), the Court disposed of the issues in the same manner as in *Westinghouse*. The plaintiff in *S & L Associates* challenged the restrictions imposed by a zoning ordinance, and the presence of two town officials who allegedly suffered from conflicts of interest on the municipal planning board that pre-

---

plaintiffs were no less entitled to a variance under the initial amendment since neither zoning plan permitted plaintiffs the "feasible use" of their property. *Id.* at 445.

pared and adopted the ordinance. In reversing the trial court's dismissal of plaintiff's suit, the Appellate Division upheld the ordinance against plaintiff's substantive attacks, but held the ordinance invalid on the basis of the conflict of interest allegation. While the appeal to the Court was pending, the town passed, without the participation of the offending committee members, a zoning ordinance identical in content to the first enactment. The Court, applying the time-of-decision rule, held the conflict of interest issue to be moot and affirmed the Appellate Division's holding that plaintiff's attack on the substance of the ordinance lacked merit. The Court reasoned that since the enactments were "in identical language and plaintiff urge[d] no additional reasons as a ground for relief," it would consider plaintiff's argument "as though directed at the new ordinance." *Id.* at 227.

Subsequent decisions reiterate this judicial willingness to address the substance of a matter where a remand on the basis of a technical flaw would result only in a duplicative proceeding or unfair delay. *See Hynes v. Mayor and Council of Borough of Oradell,* 66 *N.J.* 376 (1975), *rev'd* on other grounds, 425 *U.S.* 610, 96 *S.Ct.* 1755, 48 *L.Ed.*2d 243 (1976); *Odabash v. Mayor & Council of Dumont,* 65 *N.J.* 115, 123 (1974); *Hyland v. Township of Long Beach,* 160 *N.J.Super.* 201, 204 (App.Div.1978); *cf. Oakwood at Madison, Inc. v. Tp. of Madison,* 72 *N.J.* 481, 491 (1977) (action remanded for trial and ruling where Township had adopted "major amendment" to ordinance in question). These time-of-decision rule cases reveal a pattern: namely, that an appellate court's decision to rule on the merits, or to remand the matter for a determination by the lower court, or to dismiss the complaint outright turns on whether the issues affected by the intervening statute can be decided without the development of an additional factual record. A correlative aspect of such cases can be found in situations presenting a meritorious issue that entails the application of a law to particular fact situations. In such cases, when it is perceived that resolution of the issue most likely

requires the development of additional facts or reconsideration of the legal significance of established facts under the amended law, a remand of the matter for an application of the new law to the relevant facts is appropriate.[3]  *E.g., In re Application of Ronson Corp.*, 164 *N.J.Super.* 68 (App.Div.1978) (remand to the Commissioner of Transportation to review prior issuance of helistop license under new standards set forth in an intervening Supreme Court decision).

▉ The disposition of a facial challenge to a statute, when the statute is amended after the initial judgment, likewise depends on the need or lack of need for additional facts under the new law.  If the intervening ordinance or statute works a substantial change in its substantive provisions, then a remand or dismissal may be warranted.  However, if the intervening law merely corrects a technical flaw, or the trial court has expressly anticipated and considered the intervening law, *see Hohl v. Readington Township*, 37 *N.J.* 271, 279 (1962), further lower court proceedings are pointless, and an appellate court should dispose of the case on the merits.

▉ In this case, Ordinance No. 83–9C did not change the substance of the prior Ordinance No. 81–1C in any way whatsoever.  The amended ordinance merely corrected a technical inadequacy; the operative terms of the ordinance, upon which the trial court had ruled, remained unchanged.  The Appellate Division's remand was unwarranted, particularly where it does

---

[3]In some cases a court may dismiss a complaint rather than remand the proceedings, as where the factual record is inadequate and the basic legal claim itself may have been affected by the changed circumstances.  Courts dismiss rather than remand such cases because no factual record at all has been developed relating specifically or sufficiently to the intervening statute.  Hence, the dismissals are without prejudice to the plaintiff's right to institute another action challenging the intervening law.  *E.g., Orleans Builders & Developers v. Byrne,* 186 *N.J.Super.* 432, 445 (App.Div.1982); *Socony-Vacuum Oil Co., Inc. v. Mt. Holly Township,* 135 *N.J.L.* 112 (Sup.Ct.1947).

not appear that additional factual matters are required to be developed at the trial level.[4]

### III.

█ The Appellate Division, as noted, ruled that plaintiffs' constitutional claims should not have been determined by the trial court because plaintiffs had failed to exhaust administrative remedies. Both parties recognize the general rule that courts should not entertain an action at law "as long as there is available a right of review before an administrative agency which has not been exhausted." *R.* 4:69–5; *see Abbott v. Burke,* 100 *N.J.* 269 (1985); *Atlantic City v. Laezza,* 80 *N.J.* 255, 265 (1979). Defendant claims that this general rule requires plaintiffs to apply to the local planning board for a variance before they could present their meritorious claim that the ordinance is unconstitutional.

In *Fischer v. Township of Bedminster,* 5 *N.J.* 534 (1950), the Court considered such an argument. The plaintiff there challenged a zoning ordinance as arbitrary and unreasonable without first attempting to obtain a variance from the local board of adjustment. The Court rejected the defendant's contention that the plaintiff had to exhaust his remedies. The Court stated:

> We find no merit in the contention that under *Rule* 3:18–14, plaintiff was obliged to exhaust "the administrative remedies available to him" under subsections (a), (c) or (d) of *R.S.* 40:55–39. Plaintiff is not seeking a variance from a valid regulation; he complains that the regulation itself is arbitrary and unreasonable and constitutes a deprivation of his property without due process of law. The issue is not within the jurisdiction of the local board of adjustment. [*Id.* at 542.]

█ A local planning board's consideration of an application for a variance in these circumstances would have no bearing on

---

[4]We recognize that it is possible that the Appellate Division, in considering the merits as to the validity of the current ordinance, may conclude that the trial court determined the matter on an inadequate record and that there were insufficient facts developed at the trial level for purposes of a meritorious disposition. In that event, a remand by the Appellate Division to the trial court would be appropriate.

the issues raised by the plaintiffs' claim that the ordinance is unconstitutional. The board decision would not answer the question whether the ordinance impermissibly affects only the plaintiffs' property, and it would not have any bearing on whether the ordinance was arbitrary, unreasonable, or unconstitutional. *See New Jersey Civil Service Ass'n v. State*, 88 *N.J.* 605, 613 (1982); *Farmingdale Realty Corp. v. Borough of Farmingdale*, 55 *N.J.* 103, 112–13 (1969); *Nolan v. Fitzpatrick*, 9 *N.J.* 477, 487 (1952); *see also Matawan Borough v. Monmouth Cty. Tax Bd.*, 51 *N.J.* 291, 297 (1968) (exhaustion of remedies an "idle gesture" where appeal seeks that administrative body to "declare illegal its own actions under the statute"). Seen in this light, the plaintiffs' claim ultimately requires a determination of legal issues appropriate for the courts.

Moreover, since it was alleged by the Township, and later determined by the trial court, that the ordinance applies only to plaintiffs' property, it is disingenuous for the Township to assert that the plaintiffs' claim involves only the particular application of the ordinance and not its general validity, and, for this reason, a variance should have been sought. *See Kozesnik v. Montgomery Township*, 24 *N.J.* 154, 183 (1957). If, as the trial court found, the ordinance does affect only the one property, it is appropriate for the Court to address the legal question whether the ordinance legitimately serves the public interest. Under the circumstances of this case the exhaustion requirement is inapplicable; the trial court properly entertained and considered the merits of plaintiffs' claims of invalidity of the ordinance and, on appeal, the Appellate Division should have engaged in a meritorious review of the trial court's disposition.

## IV.

Accordingly, we reverse the judgment below and remand the matter to the Appellate Division for its reconsideration for the reasons set forth in this opinion.

*For Reversal and Remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For Affirmance*—None.