631 A.2d 582

DEBORAH JUGAN, PLAINTIFF, v. STATE FARM
INSURANCE CO. AND UFCW LOCAL # 1245
HEALTH FUND, DEFENDANTS.

Superior Court of New Jersey
Law Division Middlesex County

Decided June 21, 1993.

*Walter F. Dembiec, Jr.,* for plaintiff (*Palmisano* and *Goodman,* attorneys).

*Michael Kavanagh,* for defendant State Farm Insurance Co. (*King, Kitrick, Jackson* and *Troncone,* attorneys).

*Frederick K. Becker,* for defendant UFCW Local # 1245 Health Fund (*Wilentz, Goldman* and *Spitzer,* attorneys).

## OPINION

TRAVIS L. FRANCIS, J.S.C.

### I

On May 18, 1992, plaintiff Deborah Jugan was injured in an automobile accident. At the time of the accident, she had insurance policies with both defendants: an automobile insurance policy with defendant State Farm Insurance Company (hereinafter State Farm) and a general health insurance policy with defendant UFCW Local # 1245 Health Fund (hereinafter Health Fund). Pursuant to *N.J.S.A.* 39:6A–4.3, plaintiff elected the Health Fund

as her primary insurer for medical expenses that arose out of an automobile accident. By making this election, plaintiff received a 25% reduction in her automobile insurance premium from State Farm. Apparently, at the time she made this election, plaintiff was unaware that Article V of the Plan of Benefits for the Health Fund, specifically, Section 5.1, subparagraph (KK), contained an explicit policy coverage exclusion, for "[c]harges incurred by a Covered Person as a result of a motor vehicle accident."

On September 14, 1992, plaintiff filed a claim with the Health Fund for coverage of medical expenses incurred as a result of her May 1992 car accident. (Prior to this, plaintiff had filed a PIP benefits claim with State Farm, but State Farm denied her claim because she had chosen the Health Fund as her primary insurer.) Soon thereafter, the Health Fund's administrator advised plaintiff that motor vehicle related injuries were not covered by the Health Fund, and in a letter to plaintiff's attorney dated December 30, 1992, the Health Fund formally denied plaintiff's claim for coverage. The primary basis of the denial of coverage was the Health Fund Benefit Plan's exclusion for "[c]harges incurred by a Covered Person as a result of a motor vehicle accident." In this same letter, the Health Fund advised plaintiff that an administrative appellate procedure was available through which she could seek a review of the decision denying her claim, but that she needed to file an appeal within sixty days of the date of the formal denial of her claim.

Plaintiff did not file an appeal with the administrative review process. Instead, on February 26, 1993, she filed an order to show cause in Superior Court of New Jersey requiring the Health Fund and State Farm to show cause why one of them should not be required to pay plaintiff's medical bills that resulted from her May 1992 motor vehicle accident. The issues raised in the order to show cause are addressed later in Part IV.

On April 28, 1993, the Health Fund filed the motion that is the subject of this opinion, seeking an order remanding this entire matter to the appropriate administrative body for resolution. In

the alternative, the Health Fund seeks an order dismissing the plaintiff's complaint against it pursuant to *R.* 4:6–2(e) for failure to exhaust administrative remedies, and declaratory judgment that the New Jersey Fair Automobile Insurance Reform (FAIR) Act, *N.J.S.A.* 17:33B–1–63, is pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 *U.S.C.* § 1001–1461, and thus is not applicable to any determination of plaintiff's claim for coverage against the Health Fund.

For the reasons provided in Part II of this opinion, this court concludes that section 11:3–37.3(d) of the New Jersey Administrative Code (*N.J.A.C.*) is preempted by section 514 of ERISA, 29 *U.S.C.* § 1144, as that section of the *N.J.A.C.* might otherwise apply to employee benefit plans governed by ERISA. Furthermore, for the reasons set forth in Part IV of this opinion, this court concludes that State Farm is liable for the plaintiff's reasonable medical expenses pursuant to *N.J.S.A.* 39:6A–4.3.

## II

In its supporting brief, the Health Fund asks this court to declare "that the New Jersey FAIR Act is preempted by ERISA." Before proceeding any further, it is important to emphasize that the provision at issue is section 11:3–37.3(d) of the New Jersey Administrative Code (*N.J.A.C.*). No provision of the FAIR Act is implicated in this decision. Section 11:3–37.3(d) of the *N.J.A.C.* states that

> [n]o health benefits contract or policy delivered or issued for delivery in this State, or renewed, continued, or converted on or after January 1, 1991, shall contain any provision, rider, waiver or endorsement, or other instrument which restricts, limits or excludes coverage, directly or indirectly, of services or expenses otherwise eligible under the policy or contract on the grounds that: (1) Such expenses arise from an automobile-related injury....

This section of the *N.J.A.C.*, which took effect January 25, 1991, is self-explanatory: on its face, it clearly prohibits the Health Fund from including a policy coverage exclusion for "[c]harges incurred by a Covered Person as a result of a motor vehicle accident" within the body of any contract it has made with any insured

individual. As mentioned earlier, the Health Fund has included this exclusion within the body of its contract with the plaintiff, specifically at Article V, Section 5.1, subparagraph (KK). The plaintiff claims that the Health Fund's incorporation of this exclusion into their contract violates section 11:3–37.1(d) of the *N.J.A.C.*

In response to this claim, the Health Fund asserts that the preemption provision of ERISA, 29 *U.S.C.* § 1144, prohibits the State from regulating the Health Fund's insurance contracts in this manner. In support of this assertion, the Health Fund points to the decision of the United States Supreme Court in *FMC Corporation v. Holliday,* 498 *U.S.* 52, 111 *S.Ct.* 403, 112 *L.Ed.*2d 356 (1990). In that case, the Court held that a Pennsylvania statute that prohibited an employee welfare benefit plan from exercising subrogation rights against an insured's tort recovery was pre-empted by ERISA. Justice O'Connor noted that Congress intended the pre-emption provision of ERISA to have a broad and sweeping effect. *Id.,* 498 *U.S.* at 56–59, 111 *S.Ct.* at 406–408, 112 *L.Ed.*2d at 363–65. Furthermore, in accordance with the express terms of ERISA's pre-emption provision, the Supreme Court's opinion outlines a three-step analysis that determines whether ERISA pre-empts a state statute (or, as in the case at bar, a state administrative code provision enacted under the authority of a state statute).

The first step in this analysis is to determine whether the state statute "relates to" an employee benefit plan. *Id.,* 498 *U.S.* at 58, 111 *S.Ct.* at 407, 112 *L.Ed.*2d at 364. Any state statute that "relates to" an employee benefit plan governed by ERISA is pre-empted by ERISA. 29 *U.S.C.* § 1144. According to the Supreme Court, a state statute "relates to" an employee benefit plan "if it has 'a connection with or reference to such a plan.'" *Id.,* quoting *Shaw v. Delta Air Lines,* 463 *U.S.* 85, 96–97, 103 *S.Ct.* 2890, 2899, 2900, 77 *L.Ed.*2d 490, 500, 501 (1983). Under this broad definition of the term "relates to," it is clear that *N.J.A.C.* § 11:3–37.3(d) "relates to" the Health Fund, an employee benefit

plan governed by ERISA.[1] Without any limitation, *N.J.A.C.* § 11:3–37.3(d) purports to regulate the content of *any* "health benefits contract or policy delivered or issued for delivery in this State, or renewed, continued or converted on or after January 1, 1991," whether that health benefits policy is issued by an employee benefit plan governed by ERISA or any other entity. Because this section of the *N.J.A.C.* does not contain any exception for employee benefit plans governed by ERISA, it clearly "has 'a connection with or reference to such a plan.'" *Id.* Therefore, this section of the *N.J.A.C.* "relates to" an employee benefit plan governed by ERISA, as that term in the pre-emption provision of ERISA was interpreted by the United States Supreme Court in *FMC Corporation v. Holliday, supra,* 498 *U.S.* at 56–59, 111 *S.Ct.* at 406–408, 112 *L.Ed.*2d at 363–65.

■  The second step in this analysis is to determine whether the state statute "falls within ERISA's insurance savings clause, which provides, 'except as provided in subparagraph B, [the deemer clause], nothing in this subchapter shall be construed to relieve any person from any law of any State which regulates insurance, banking, or securities.'" *Id.* 498 *U.S.* at 60–61, 111 *S.Ct.* at 408–409, 112 *L.Ed.*2d at 365–66, quoting 29 *U.S.C.* § 1144(b)(2)(A). In this case, there is no dispute that *N.J.A.C.* § 11:3–37.3(d) falls within ERISA's insurance savings clause because it "directly controls the terms of insurance contracts" by

---

[1] In oral argument, plaintiff conceded that the Health Fund is a self-funded, uninsured employee benefit plan. Like the employee benefit plan at issue in *FMC Corporation v. Holliday,* the Health Fund "is self-funded; it does not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants." *FMC Corporation v. Holliday, supra,* 498 *U.S.* at 54, 111 *S.Ct.* at 405, 112 *L.Ed.*2d at 362. Based upon the definition provided in § 3(1) of ERISA, 29 *U.S.C.* § 1002(1), the Health Fund is clearly an employee benefit plan governed by ERISA. *See Metropolitan Life Insurance Co. v. Massachusetts,* 471 *U.S.* 724, 732, 105 *S.Ct.* 2380, 2385, 85 *L.Ed.*2d 728, 735 (1985) ("An employee welfare-benefit plan or welfare plan is defined as one which provides to employees 'medical, surgical, or hospital care or benefits, or benefits in event of sickness, accident, disability [or] death,' whether these benefits are provided 'through the purchase of insurance or otherwise.'").

invalidating any insurance contract exclusion of expenses that arise from an automobile-related injury. *Id.,* 498 *U.S.* at 61, 111 *S.Ct.* at 409, 112 *L.Ed.*2d at 366.

█ The final step in this analysis is to determine whether a state statute is still pre-empted, despite falling within ERISA's insurance savings clause, because of ERISA's so-called "deemer" clause. According to the "deemer" clause,

[n]either an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 *U.S.C.* § 1144(b)(2)(B). In *FMC Corporation v. Holliday,* the United States Supreme Court interpreted

the deemer clause to exempt self-funded ERISA plans from state laws that 'regulat[e] insurance' within the meaning of the [insurance] saving clause. By forbidding States to deem employee benefit plans 'to be an insurance company or other insurer ... or to be engaged in the business of insurance,' *the deemer clause relieves plans from state laws 'purporting to regulate insurance.' As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation 'relates to' the plans.*

[*FMC Corporation v. Holliday, supra,* 498 *U.S.* at 61 [111 *S.Ct.* at 409] 112 *L.Ed.*2d at 366 (emphasis added).] This "interpretation of the deemer clause makes clear that ... *if the [employee benefit] plan is uninsured, the State may not regulate it."* *Id.,* 498 *U.S.* at 64, 111 *S.Ct.* at 411, 112 *L.Ed.*2d at 368 (emphasis added). This unequivocal, unqualified statement in the Supreme Court's opinion in *FMC Corporation v. Holliday* "makes clear" that the State of New Jersey may not regulate the Health Fund, because it is an uninsured employee benefit plan governed by ERISA. Therefore, under the Supreme Court's interpretation of the ERISA pre-emption provision, it is clear that 29 *U.S.C.* § 1144 pre-empts *N.J.A.C.* § 11:3–37.3(d), insofar as that section of the *N.J.A.C.* regulates uninsured employee benefit plans governed by ERISA.

## III

█ In New Jersey, the judiciary has been guided by the general rule that courts should not entertain lawsuits "as long as

there is available a right of review before an administrative agency which has not been exhausted." *Riggs v. Long Beach Twp.*, 101 *N.J.* 515, 525, 503 *A.*2d 284 (1986). But this general rule is not absolute and inviolate. The courts of this state, as well as the courts of the Third Circuit, recognize a number of exceptions to this rule. *See Wolf v. National Shopmen Pension Fund,* 728 *F.*2d 182 (1984); *Tomczyscyn v. Teamsters, Local 115 Health & Welfare,* 590 *F.Supp.* 211, 213 (1984); *N.J. Civil Service Ass'n v. State,* 88 *N.J.* 605, 613, 443 *A.*2d 1070 (1982). In particular, a plaintiff need not exhaust all administrative remedies prior to maintaining a lawsuit where the only disputed question to be resolved is a question of law. *Id.* 88 *N.J.* at 613, 443 *A.*2d 1070. At bar, the issue presented by the Health Fund (whether ERISA pre-empts § 11:3–37.3(d) of the *N.J.A.C.,* as that regulation might otherwise apply to entities governed by ERISA) is a threshold issue that must be resolved before any other questions presented by this dispute can be answered. Because this court is of the opinion that ERISA does indeed pre-empt § 11:3–37.3(d) of the *N.J.A.C.,* any further administrative review of plaintiff's claim for coverage against the Health Fund is unnecessary: as a matter of law, the Health Fund is not liable to the plaintiff for coverage of medical expenses she incurred as a result of injuries arising from her May, 1992 motor vehicle accident. Thus, because the Health Fund is clearly not liable to the plaintiff under the circumstances of this case, any remand of this case to the appropriate administrative review process would serve no purpose.[2]

## IV

The issues raised by the plaintiff in the order to show cause are incorporated herein and resolved as follows.

---

[2] At the same time, however, this court makes·no determination as to *whether* plaintiff has in fact exhausted her administrative remedies. The only determination made at this time is that plaintiff is not required to exhaust her administrative remedies because the only issue to be decided is an issue of law: whether ERISA pre-empts § 11:3–37.3(d) of the *N.J.A.C.*

On February 26, 1993, plaintiff initiated an order to show cause as to why one or both of the defendants should not be required to pay plaintiff's medical bills that resulted from her May, 1992 motor vehicle accident. This order to show cause hearing has been adjourned, pending the disposition of this motion. After reviewing the papers submitted in support of, and in opposition to, this motion, as well as the appropriate statutory authority, this court is of the opinion that the issues raised by the order to show cause should be resolved at this time. Where, as here, the governing statutory authority is clear and decisive, the present resolution of all issues in this case seems particularly appropriate.

*N.J.S.A.* 39:6A–4.3(d) governs the issues of coverage presented by plaintiff's complaint. It provides in pertinent part:

> If health insurance coverage or benefits are primary, an automobile insurer providing medical expense benefits under personal injury protection coverage shall be liable for reasonable medical expenses not covered by the health insurance coverage or benefits up to the limit of the medical expense benefit coverage.

Clearly, this statute does not provide exceptions for the reasons why medical expenses are "not covered" by a person's health insurance coverage. Thus, the fact that plaintiff's medical expenses are not covered by the Health Fund, her primary insurer, because ERISA pre-empts § 11:3–37.3(d) of the *N.J.A.C.*, does not mean that State Farm, her secondary insurer, is not "liable for reasonable medical expenses not covered by" the Health Fund. In addition, *N.J.S.A.* 39:6A–4.3(d) further provides:

> If it is determined that an insured who selected or is otherwise covered by the option provided in subsection d. of this section did not have such health coverage in effect at the time of an accident, medical expense benefits shall be payable by the person's automobile insurer and shall be subject to any deductible required by law or otherwise selected as an option pursuant to subsection a. of this section, any copayment required by law and an additional deductible in the amount of $750.

This portion of *N.J.S.A.* 39:6A–4.3(d) further supports the plaintiff's position that State Farm is liable for medical expenses she incurred as a result of her May, 1992 automobile accident, subject to the limitations provided in the statute. Like the portion of the statute quoted above, this portion of the statute is unequivocal: it states that "medical expense benefits *shall* be payable by the

person's automobile insurer...." *N.J.S.A.* 39:6A–4.3(d) (emphasis added). There is no dispute that State Farm provided automobile insurance coverage for plaintiff when her accident occurred. Furthermore, because the Health Fund did not provide coverage of the injuries plaintiff sustained in her May, 1992 automobile accident, *N.J.S.A.* 39:6A–4.3 requires that State Farm, her automobile insurer and secondary coverage option, provide coverage for those injuries. Therefore, this court is of the opinion that defendant State Farm is liable to the plaintiff Deborah Jugan for reasonable medical expenses she incurred as a result of her May, 1992 motor vehicle accident.

Accordingly, judgement is hereby entered in favor of the plaintiff and against the defendant State Farm Insurance Corporation for reasonable medical expenses that plaintiff incurred as a result of injuries she sustained in her May, 1992 motor vehicle accident. Furthermore, because ERISA pre-empts § 11:3–37.3(d) of the *N.J.A.C.*, judgment is hereby entered in favor of defendant UFCW Local # 1245 Health Fund and against the plaintiff.