[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, Planning and Zoning Commission of the Town of Sherman, amending the subdivision regulations. A public hearing was held on the amendments proposed by the Commission on February 1, 1979. At the conclusion of the public hearing, the defendant, by a vote of four to three, adopted the amendments. Notice of the amendments was published on February 8, 1979, and the plaintiffs brought this appeal within fifteen days thereafter as required by section 8-28 of the General Statutes.
The appeal challenges three of the amended regulations. Before the challenges to the regulations can be considered, three procedural issues raised by the defendants must be addressed: (1) aggrievement of the plaintiffs; (2) whether an administrative appeal or a declaratory judgment is required to determine the validity of the regulation; and (3) whether amendments to the zoning regulations and passage of time have made the challenges in this appeal moot questions.
Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an administrative CT Page 8676 appeal. Hughes v. Town Planning Zoning Commission, 156 Conn. 505,507, 509; Walls v. Planning Zoning Commission, 176 Conn. 475,479. At least one plaintiff must establish aggrievement for the court to have subject matter jurisdiction over the appeal. Nowicki v. Planning Zoning Board, 148 Conn. 492,495. The three plaintiffs in this action are Timber Trails Corporation, Timber Trails Associates and Tessa Pascarella. Timber Trails Corporation formerly owned property in the town but while this appeal was pending, the corporation dissolved and its property was distributed to Timber Trails Associates. A plaintiff having a sufficient interest when an appeal is taken can lose it by conveying its property interest. Southbury v. American Builders, Inc., 162 Conn. 633, 634. Timber Trails Corporation no longer has standing to maintain this appeal. The defendant claims that the remaining plaintiffs have not proven aggrievement.
In order to prove aggrievement under section 8-28, the statute applying to this appeal, at least one of the plaintiffs must satisfy the two-part test for classical aggrievement: (1) a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; and (2) that this specific personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning Zoning Commission, supra, 478; Vose v. Planning 
Zoning Commission, 171 Conn. 480, 484; Sheridan v. Planning Board, 159 Conn. 1, 10. A change of regulations applying only to a particular zone or only covering a small area of the community is appealable by an owner of land within that area. Summ v. Zoning Commission, 150 Conn. 79, 83; Bartlett v. Zoning Commission, 161 Conn. 24, 29, but there is no aggrievement when the regulations are amended so that no particular area or property is affected. Sheridan v. Planning Board, supra, 12. The appellants must show that the amendments to the regulations adversely affect development of their property differently from other subdivided property in the Town. However, aggrievement is established if there is a possibility as distinguished from a certainty that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442,445; Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 530.
The plaintiffs challenge three of the amendments to the subdivision regulations in this appeal. One amendment allows the Planning Commission to disapprove a subdivision accessible from an existing unimproved or unpaved town road or to condition approval upon completion of improvements to the existing road at the subdivider's expense. There was evidence that this provision, allowing the Commission to require CT Page 8677 developers to improve roads outside the subdivision, diminished the value of the properties of both Tessa Pascarella and Timber Trails Associates, and that these properties would be reduced more in value than other properties because of their size.
The defendant's argument that the regulation applies to the entire town, and therefore that the plaintiffs are not affected differently from the public in general, breaks down under analysis. Both parcels have frontage on unimproved town roads. Timber Trails Associates owns over 600 acres and Pascarella owns 140 acres. The Town of Sherman contains 23.5 square miles or about 15,000 acres. The plaintiffs are significant landowners. Subdivision regulations primarily affect persons who have property to be subdivided, namely land capable of division to create at least one and usually two or more additional lots, which does not include all property owners in the town. See section 8-18 of the General Statutes. In a town with two acre zoning, few property owners have land of sufficient size to be subject to subdivision approval by the Planning Commission. Small parcels capable of subdivision are less likely to be subject to the road improvement regulation than large ones. There is no indication that any significant number of other property owners would be subject to this regulation, or that would affect a significant portion of the general public. Pascarella and Timber Trails Associates (hereafter called the "plaintiffs") have shown the possibility (as opposed to a certainty) that the regulation affects them differently from the general public and that they are specially and injuriously affected by the regulation. It is reasonably possible that they will be subjected to it if they propose a subdivision of their properties.
The defendant's next claim is that the challenge to the regulations is moot because the subdivision regulations have been amended several times while this appeal is pending. One of the regulations, the one concerning road improvements, has not changed. The regulation requiring submission with a subdivision application of "statements of any town, state or federal agency, organization or official which the Commission deems may have an interest in the plan" has been reworded and materially changed. The third regulation, requiring an environmental impact statement containing certain data, is no longer part of the regulations, so that a decision whether section 7(A)(j) of the February 1, 1979 amendments is valid is academic, because the regulation no longer governs subdivision applications to the defendant. A comparison of section 7(A)(i) of the 1979 amendments with section 6(j) of the current regulations indicates that the statements or information which the Commission may request under them is not the same. Since there has been a material change in two regulations and they CT Page 8678 will not affect any subdivision application filed by the plaintiffs, their legality will not be determined in this appeal.
A moot question exists where no practical relief can follow from a decision of the court, and there are no collateral legal consequences. Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 452, 453. The fact that a regulation has been rescinded does not preclude an appeal where the agency's action may still affect the rights of a property owner who filed an application when the regulation, claimed to be illegal, was in effect. Arnold Bernhard Co. v. Planning 
Zoning Commission, 194 Conn. 152, 158. The general rule is that the regulation in effect at the time of the decision of a court is controlling, as opposed to the one in effect when the proceedings were started, McCallum v. Inland Wetlands Commission, 196 Conn. 218, 223; A.D.A.M. Land Development Corporation v. Conservation Commission, 21 Conn. App. 122, 130, unless a statute provides otherwise. Michel v. Planning 
Zoning Commission, 28 Conn. App. 314, 318. See section 8-2h of the General Statutes.
The regulation concerning road improvements remains unchanged. There are several exceptions to the moot question rule, including actions of officials which are capable of repetition yet evading review, particularly where the plaintiff will be affected in future proceedings by the same or similar laws or action. Patterson v. Council on Probate Judicial Conduct, 215 Conn. 553, 562; Taylor v. Robinson, 171 Conn. 691,694. If the plaintiffs applied today to subdivide their property, they will be subjected to the same regulation on road improvements that they would have had to comply with in 1979. See Exhibit 1, section 4(a)(3) Sherman Subdivision Regulations (Exhibit 1). The moot question concept prevents appeals from being decided when no actual or practical relief can follow from a decision, but the concept does not apply when the plaintiff is affected by the challenged action or it is likely to be affected in the future. Moshier v. Goodnow, 217 Conn. 303,308. Since the regulation is unchanged, the moot question concept does not apply. Where a town passes an ordinance while an appeal from the first one is pending, the challenge to it can be considered where the terms of the former and the new ordinance are the same, SL Associates, Inc. v. Washington Township, 35 N.J. 224, 172 A.2d 657 (1961), or where the operative terms of the old ordinance remain unchanged and the amendment makes other technical corrections. Riggs v. Long Beach Township, 101 N.J. 515, 503 A.2d 284, 288 (1986).
The defendant's next procedural objection is that since this appeal is in part a constitutional attack on some of the CT Page 8679 regulations that they must be raised in a declaratory judgment action rather than an appeal. In Bombero v. Planning Zoning Commission, 218 Conn. 737, 745, it was held that where a general attack on regulations is primarily based on constitutional vagueness grounds, combined with nonconstitutional grounds for the regulations and validity, that a declaratory judgment action should be used rather than an administrative appeal from the enactment of the regulations. The same decision admits that the decisions have been conflicting on the method to challenge validity of zoning or planning regulations. Id., 744. The primary challenge to the remaining regulation is on the nonconstitutional grounds that it exceeds the Commission's statutory authority and that it permits approval based upon conditions over which neither the Commission nor the applicant has control. The Bombero decision indicates that there are many instances where, because of the procedural posture of the case, the issue should be decided in a statutory appeal. Id., 745.
A declaratory judgment proceeding is only necessary where the plaintiff raises constitutional issues. Constitutional claims are only decided when a case cannot be decided on nonconstitutional grounds. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 720; Maloney v. Pac, 183 Conn. 313,324. Since this appeal can be decided on a nonconstitutional ground, the constitutional challenge that the regulation is void for vagueness will never be reached, it is unnecessary and judicial economy does not require the plaintiffs, after thirteen years, to bring a declaratory judgment action to raise what will then be an academic question. A claim that an administrative agency has exceeded its statutory authority or jurisdiction is the proper subject for an administrative appeal. Housing Authority v. Papandrea, 222 Conn. 414, 424; Payne v. Fairfield Hills Hospital, 215 Conn. 675, 679. Persons affected by subdivision regulations enacted by a planning commission can take an appeal from enactment of those regulations on nonconstitutional grounds. Finn, Trustee v. Planning Zoning Commission, 156 Conn. 540; South East Property Owners Residents Assn. v. City Plan Commission,156 Conn. 587. The regulation on road improvements remains unchanged and the plaintiffs have standing to challenge it on nonconstitutional grounds.
Section 8(a)(3) of the 1979 regulations, now contained in section 4(a)(3), reads as follows:
 "Existing Street Improvements: Whenever any subdivision is proposed for land abutting or accessible only by an existing unimproved or unpaved street and the commission shall determine that CT Page 8680 approval of the subdivision plan would endanger public safety unless such street was altered or improved beyond the limits of the proposed subdivision, the commission may disapprove such plan or may condition its approval upon completion of the improvements or alteration on such street by and at the expense of the subdivider, or may disapprove such plan until the board of selectmen has recommended and the town has authorized expenditures for such improvements."
What this regulation authorizes, in effect, is a planning commission to deny a subdivision application because the public highways providing access to the property are considered inadequate by the commission or, in the alternative, to require the applicant to improve public roads at its own expense as a condition of using those roads for access to its property.
The authority of a planning commission to enact subdivision regulations is governed by chapter 126 of the General Statutes, and most of the provisions on the permissible scope of subdivision regulations are contained in section 8-25. That statute provides in part that subdivision regulations "shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety . . . and that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs." (Emphasis added.) The statute is directed to layout of the land to be subdivided and not off-site areas not subject to the control of the subdivider. The provisions on roads refer to the subdivision roads and not existing public highways or private roads not owned by the subdivider. Section 8-25 contains several methods which the Commission may elect to require completion of the subdivision roads, such as bonding the road and related improvements, requiring completion of the work prior to final approval of the subdivision, levying benefit assessments, or conditional approval of the subdivision. It does not authorize a planning commission to require a subdivider to make off-site improvements to existing public highways bordering and outside of the subdivision. Property Group, Inc. v. Planning Zoning Commission, 29 Conn. App. 18, 23, 27-28.
The cases construing section 8-25 have consistently strictly construed that statute, concluding that a planning commission has only the powers which are expressly granted to CT Page 8681 it or those which are necessary to carry out those powers and duties; in determining whether a regulation can be lawfully enacted by a planning commission, the question is whether there is statutory authority for the enactment, and the courts do not search for a statutory prohibition against it. Avonside, Inc. v. Zoning Planning Commission, 153 Conn. 232, 236. Applying that test, it has been held that planning commissions do not have various powers because they are not contained in section8-25 or any other statute. See Finn, Trustee v. Planning 
Zoning Commission, supra, 545 (preliminary application procedures); Avonside, Inc. v. Zoning Planning Commission, supra, 236 (charging fees other than those in section 8-26); Peninsula Corporation v. Planning Zoning Commission,151 Conn. 450, 452 (definitions of subdivision different from those in section 8-18); Williams v. Planning Zoning Commission,10 Conn. App. 427, 428 (access restrictions on subdivisions); Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303,311 (prohibition on future subdivisions of a parcel as part of subdivision approval); South East Property Owners Residents Assn. v. City Plan Commission, supra, 591, 592 (variances of subdivision regulations); Dooley v. Town Plan Zoning Commission, 151 Conn. 151 (ratification of prior illegal subdivision). If the legislature determines that a planning commission needs an additional power, it will amend the statutes, as occurred after the South East Property Owners and Dooley decisions.
The regulation challenged here, on inadequate public highways, raises two related questions: (1) whether subdivision approval can be denied because of inadequate public highways, and (2) whether subdividers can be compelled to make off-site improvements to the public highway as a condition for using it and obtaining subdivision approval.
A public highway is a road over which the public at large has the right to pass. Stavola v. Palmer, 136 Conn. 670, 673. A municipality cannot decide which members of the public can use a public highway, and an abutting landowner has, as a member of the public, as much right to use the highway as anyone else. In addition, there is a private easement of travel for persons who own land abutting or at the end of a public highway. Johnson v. Watertown, 131 Conn. 84, 92. The provision in section 8-25 has been construed as allowing the commission to require streets within the proposed subdivision to be consistent with the plan of development, Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 471-475, and to require subdivision roads to have safe intersections with existing public highways, which may allow denial of a subdivision application in some cases when the intersection of the proposed subdivision road and the existing public highway CT Page 8682 would be unsafe. Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, 675; Blakeman v. Planning Commission, 152 Conn. 303, 307. The commission can also require improvements at the intersection of the proposed subdivision road and the public highway in some cases if public safety is affected by the new road. Property Group, Inc. v. Planning Zoning Commission, supra, 25, 26. There is a distinction, however, between denial of a subdivision because the intersection of a proposed road within existing public highway is unsafe and denial of a subdivision because it abuts an inadequate town road.
In Reed v. Planning Zoning Commission, 208 Conn. 431,435, 436, the question of authority to deny a subdivision application on the ground of inadequate access because some of the proposed lots abutted a narrow, unpaved section of a public highway was discussed. The court rejected the town's argument that section 8-25 of the General Statutes (and provisions in the subdivision regulations) authorized a planning commission to disapprove subdivision lots because of inadequate access to the lots from the town road system. Since the statute did not cover problems relating to existing roads, the Commission did not have the authority to deny the application because it considered the town road inadequate to provide safe access to the subdivision. The decision agreed with the Appellate Court decision (12 Conn. App. 153) that if the applicant followed a provision in the subdivision regulations by conveying to the town the land necessary to widen an inadequate, unimproved town road, that met the requirement in the subdivision regulations concerning adequate public access. Id., 437. However, under the facts in Reed, the landowner was willing to supply the road widening strip and the court did not decide the issue of the right to require off-site improvements, stating that "whether the commission possesses the authority to condition its approval of a subdivision application on the applicant's improvement of an existing town road abutting and serving the subdivision is not an issue in this case." Id., 437. Both the Appellate Court and the Supreme Court noted but did not decide whether they would follow the decision of former Chief Justice House in Pope v. Planning Zoning Commission of Killingworth, 5 Conn. Law Trib. 49, page 16 (1979) which held that a planning commission could not deny a subdivision application on the ground that the adjacent public highways leading to the subdivision were unsafe, since the municipality has a statutory duty to maintain safe highways, and it cannot be presumed that the municipality would not carry out that duty.
Requiring a subdivision applicant to make off-site improvements to a public highway, such as widening or paving it, as a condition for use of the highway and subdivision CT Page 8683 approval is illegal. Property Group, Inc. v. Planning Zoning Commission, supra, 2-3, 27-28, affirming 3 Conn. L. Rptr. 661
(1991); Cipriano v. Bozrah Planning Zoning Commission, 2 Conn. Super. Ct. Rpts. 104 (1987).
The provision in section 8-25 requires the land to be subdivided to be able to be safely used for building purposes, and defects in a public highway outside the subdivision are not a problem with the land to be subdivided. Moreover, approval of the subdivision rarely affects the safety level of the existing road. As recognized in the Pope decision, a planning commission should not be able to avoid its statutory obligations to maintain adequate public highways by placing the expense of doing so on owners of undeveloped land along the highway, giving a free ride to the public at large and owners of existing developed land along the road.
Moreover, the Supreme Court has recognized that the use of a land use ordinance as a substitute for the standard condemnation procedure for laying out or widening a highway could raise serious constitutional questions. Miller v. Grossman Shoes, Inc., 186 Conn. 229, 233. Problems with existing public highways are not uniquely attributable to subdivision of parcels of land abutting them, and compelling private improvement as a condition for using public roads would not be a justifiable use of the police power. To constitute a valid exercise of the police power, a statute and a regulation based on it must have a rational relation to the public welfare, must be reasonable and impartial and cannot cast upon the subdivider the duty to take actions which are not specifically and uniquely attributable to subdivision of the property. See Aunt Hack Ridge Estate, Inc. v. Planning Commission, 160 Conn. 109, 117, 118. Regulations that a subdivider improve public highways at its expense as a condition for use of the road for access purposes have also been held invalid in other states. Neither section 8-25 nor any other statute allows a planning commission to condition subdivision approval on improvement of a public highway at private expense.
Section 8(a)(3) of the subdivision regulations also allows the commission to disapprove a subdivision because of abutting inadequate streets or delay approval until the Board of Selectmen recommends and the Town authorizes expenditures to make the road improvements. Section 8-25 of the General Statutes does not authorize either action. The purpose of subdivision regulation is to require safe development of land and its improvement to a set of uniform standards so that the cost falls upon the subdivider rather than the municipality. On the other hand, conditions outside the subdivision itself CT Page 8684 are the responsibility of the municipality, and as recognized in Pope v. Planning Zoning Commission of Killingworth, supra, the subdivider should not be denied use of its land because the municipality has not properly performed its public duty to maintain safe highways. While the Commission can deny subdivision approval because the proposed plan creates an unsafe intersection between proposed subdivision roads and the public highway, section 8-25 does not allow disapproval of a subdivision because existing, adjacent public highways are, in the Commission's opinion, unsuitable. In the absence of an express provision allowing regulations to decide the fate of a subdivision based on off-site conditions, the strict construction doctrine dictates that no such right be inferred.
A planning commission may require in its subdivision regulations, based on section 8-25, that subdivision roads connect with existing or proposed highways or streets within the municipality. Nicoli v. Planning Zoning Commission,171 Conn. 89, 92-94 (allowing denial of a subdivision which only had access through an adjacent town which would jeopardize essential and emergency services from the municipality). In Nicoli, the subdivision was approved subject to the limitation that no buildings would be constructed until the subdivision road was connected to a public highway in the town, and the court found that there was no evidence that the restriction would be permanent. The Nicoli case did not hold that a planning commission can deny a subdivision because existing public roads within the town are inadequate. More recently, in TLC Development, Inc. v. Planning Zoning Commission,215 Conn. 527, 529, 532-33, it was held that zoning regulations did not allow denial of a site plan application based on off-site traffic considerations, relying on Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 443:
 "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district."
The Appellate Court relied on TLC in Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 375, in holding that a subdivision application could not be denied by a planning commission because of off-site traffic concerns. Both site plans and subdivisions are administrative actions requiring compliance with existing administrative regulations. Inadequacy of existing public highways is not a valid basis under the subdivision statutes for denying a subdivision application, and a regulation allowing denial of an application CT Page 8685 for that reason exceeds the Commission's statutory authority.
The portion of the regulation which allows the Commission to disapprove a subdivision until the Board of Selectmen has recommended improvements to the public highway and the town has authorized them is also not authorized by the statute, and makes subdivision approval conditional upon actions over which neither the Commission or the applicant has any control. A planning commission cannot impose conditions on approval of a subdivision since conditional approval is not one of three possible courses of action which it can take under section8-26, namely, "approval, modification and approval, or disapproval" of a subdivision. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 592. Any condition on approval must be within the control of the commission or the applicant within a reasonable time, and unless approval of another municipal agency appears to be a reasonable probability, conditioning subdivision approval on the action of the other agency or official exceeds the commission's powers. Id., 592, 593. Approval subject to a future condition is not modification and approval of a subdivision application, and any action other than approval, modification and approval, or disapproval is outside the statutory delegation of powers in the subdivision statute. Id., 596; Moscowitz v. Planning Zoning Commission, supra, 309. [A planning commission can modify and approve a subdivision under section 8-26, and if its action can be so classified, it will be upheld. Nicoli v. Planning Zoning Commission, supra; Crescent Development Corporation v. Planning Commission, 148 Conn. 145 (subdivision approved subject to changes in proposed roads and access ways to reduce the number of lots accessible to the subdivision); Shailer v. Planning 
Zoning Commission, 26 Conn. App. 17, 27-29.] In Moscowitz v. Planning Zoning Commission, supra, 310, both the Nicoli and Crescent Development cases are discussed, and the Appellate Court concluded that neither case upheld the imposition of conditional subdivision approval and that the action taken in both cases was authorized by provisions in section 8-25. Moscowitz found a distinction from Carpenter since the practical effect of the commission's action in Crescent Development and Nicoli was to approve the plan after modifying it. A more significant distinction is based on whether or not the condition was or was not within the control of the commission or the applicant.
In this case, approval by the Board of Selectmen, followed by financing by the Town, namely, approval by the Board of Finance and then the Town Meeting, is clearly not a condition within control of a subdivider or even the Planning Commission, and there is no reasonable probability that it would occur in any case. CT Page 8686
The proposed regulation encourages conditions analogous to the one disapproved in Carpenter (approval of the highway superintendent). Approval conditional on expenditures to upgrade town roads by the Board of Selectmen and other town agencies exceeds a planning commission's statutory authority.
Section 8(a)(3) of the 1979 subdivision regulations, now section 4(a)(3) of the current regulations, is invalid. For reasons previously discussed, the legality of section 7(A)(i) and (j) is not determined in this appeal. The appeal is sustained.
Robert A. Fuller, Judge