[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Costa Stergue, brings this appeal from an action of the Redding Conservation Commission, acting in the capacity of the inland wetlands agency of the Town of Redding.
On November 18, 1997, following a public hearing, the defendant, Conservation Commission, voted to approve amendments to the Inland Wetlands and Watercourses Regulations of the Town of Redding (ROR 15).
Included among the amendments were the addition of a definition of "vernal pool" (§ 2.32), and a revision of the definition of "regulated activity" to include activities conducted near vernal pools (§ 2.25).
The amendment defines a "vernal Pool" as:
 [A] small body of standing water, usually temporary in nature, occurring within a defined depression, natural or man-made, and lacking a permanent outlet stream and
CT Page 15388
any fish population.
Under the amended regulations, a regulated activity now includes:
 The location of any portion of any subsurface waste disposal system or structure, including any earth-disturbing activities associated therewith, within 300 feet of the perimeter and/or mean water line of a vernal pool or within any land upslope of a vernal pool, regardless of distance.
The Commissioner of Environmental Protection, having received notice of the appeal pursuant to § 22a-43(a) of the Connecticut General Statutes, has also appeared as a party in this action.
The plaintiff, a property owner, resident and builder of residential dwellings in the Town of Redding, argues that the definition of "vernal pool" adopted by the Commission is not supported by the record, and is directly contradicted by the report entitled "A Guide to the Vernal Pool Wetlands of Connecticut" by Daniel F. Donahue (ROR 13).
He contends that the amendment fails to make any reference to "obligate species" including salamanders, wood frogs, eastern spadefoot toads and fairy shrimp (ROR 13, p. 10).
Furthermore, the plaintiff maintains, the definition fails to provide for standing water lasting for a period of time, thus failing to exclude from the definition water which might be standing for a few days or even hours.
The commissioner has joined the plaintiff's opposition to the new regulations.
Defining "vernal pools" exclusively in terms of their physical characteristics, and ignoring the existence of wildlife in conjunction with those characteristics, is described by the commissioner as a "half-way" measure (albeit, a step in the right direction).
The commissioner echoes the plaintiff's belief that the adopted definition could encompass rain puddles, swimming pools, and house foundations, along with other man-made depressions which might contain water for brief periods of time, without CT Page 15389 supporting obligate wildlife species.
Both the plaintiff and the commissioner also join in opposing the amendment to § 2.25, the definition of regulated activity, as being overly broad, vague, and beyond the scope of the Commission's authority.
The defendant, Conservation Commission of the Town of Redding, set forth four specific reasons for the amendments adopted on November 18, 1997 (ROR 14).
The Commission contends that the amendments, adopted unanimously, are consistent with its statutory and regulatory authority. Public Act 95-313 incorporated "vernal pools" within the definition of "watercourses."
 AGGRIEVEMENT
The plaintiff owns considerable property in the Town of Redding.
His holdings include an undeveloped 44 acre parcel (Exhibit 1), two smaller parcels (Exhibits 2 and 3) and a 22 acre tract (Exhibit 4).
As a builder of residential homes, he claims to be aggrieved by the Commission's action. He argues that all of his properties will be subject to the amended regulations, and that he has a personal and legal interest which has adversely affected his ability to develop and build upon his property.
Aggrievement, in an action involving a municipal wetlands agency, is governed by § 22a-43 of the Connecticut General Statutes.
The statute provides:
 [A]ny person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the . . . municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action . . . may . . . appeal to the superior court for the judicial district where the land affected is located . . . CT Page 15390
In order to satisfy the aggrievement requirement, the plaintiff must satisfy a two part test for classical aggrievement: (1) he must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as the concern of all members of the community as a whole; and (2) he must demonstrate that his personal and legal interest has been specifically and injuriously affected by the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987); Vose v. Planning Zoning Commission, 171 Conn. 480, 483 (1976).
The question of aggrievement is one of fact for the court.Hughes v. Planning Zoning Commission, 156 Conn. 505, 507
(1968).
Where regulations are amended in such a way, that no particular property is affected, no aggrievement can be shown.Sheridan v. Planning Board, 159 Conn. 1, 12 (1969).
A general attack upon land use regulations should be initiated by way of a declaratory judgment. This procedure permits property owners, in addition to a plaintiff, having an interest in the decision, the opportunity to intervene before a decision is made. Cioffoletti v. Planning Zoning Commission,209 Conn. 544, 563 (1989).
A plaintiff would not be required to pursue a declaratory judgment, where a general amendment targets a particular property, or a few selected parcels. Nick v. Planning ZoningCommission of the Town of East Hampton, 6 Conn. App. 110, 114
(1986); Timber Trails Corp. v. Planning Zoning Commission ofSherman, 7 CONN. L. RPTR. 331, 7 CSCR 1178, 1179 (1992).
Here, although the plaintiff, Costa Stergue, owns considerable property in the Town of Redding, he does not claim that either of the challenged amendments, both of which are of general application on their face, target his properties in particular.
On the contrary, the plaintiff seems to acknowledge the wide-ranging application of the regulations, arguing that the definition of vernal pool "could render puddles, swimming pools and house foundations" capable of inclusion in the definition. (Plaintiff's Brief, p. 5.) CT Page 15391
Furthermore, the definition of regulated activity, he claims, could result in regulation of the entire Town of Redding, since "upslope" is not defined. (Plaintiff's Brief, p. 6.)
The plaintiff cannot reasonably challenge the regulations as vague, overbroad and impacting the entire Town of Redding, while simultaneously insisting that his interest is not that of the community as a whole.
The Connecticut Supreme Court, while recognizing some lack of uniformity, has stated that general attacks on land use regulations should be asserted in declaratory judgment actions and not in zoning appeals. Bombero v. Planning ZoningCommission, 218 Conn. 737, 745-46 (1991).
Although Bombero recognized the need for exceptions, and the fact that the procedural posture of a given case may necessitate raising a challenge by way of appeal, rather than by declaratory judgment; Bombero v. Planning Zoning Commission, supra, 745, n. 10; no such exigencies are presented here.
The plaintiff has no action pending before the Redding Conservation Commission, and is free to pursue declaratory relief in search of the same relief he seeks in this appeal.
In amending its regulations, the Redding Conservation Commission acts in a legislative capacity, rather than in an administrative or quasi-judicial fashion. Aaron v. ConservationCommission, 183 Conn. 532, 537 (1981); Lizotte v. ConservationCommission, 216 Conn. 320, 337 (1990). It is therefore free to amend its regulations, whenever time, experience and responsible planning for contemporary or future conditions, reasonably indicate a need for a change. Parks v. Planning ZoningCommission, 178 Conn. 657, 660 (1979); Kaufman v. ZoningCommission, 232 Conn. 122, 150 (1995).
Recognizing the wide and liberal discretion it enjoys, the Redding Conservation Commission might choose to carefully examine the issues raised in this appeal, by both the plaintiff, Costa Stergue, and by the Commissioner of Environmental Protection.
The commissioner was both accurate and conciliatory, when observing that any alleged deficiencies in the amendments adopted on November 19, 1997 are "easily correctable." CT Page 15392
Thoughtful and well considered amendments arrived at in an atmosphere conducive to cooperation, might foreclose any necessity for the plaintiff to seek redress by way of a declaratory judgment.
The appeal of the plaintiff, Costa Stergue, is dismissed.
Radcliffe, J.